CPS-339                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1579
_____

GREGORY A. DENSTON,

Appellant

v.

WILLIAM L. CHAPMAN; PATRICIA TATE STEWART;
JULIE LORRAINE FAULCONER; LORREN RILEY FAULCONER;
JOS. SCOTT SHANNON; QUINNIN WATSON;
DOES 1-3; VINCENT POPPITI

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 05-cv-00492)
District Judge: Honorable Gregory M. Sleet
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 21, 2006

Before: BARRY, SMITH AND NYGAARD, Circuit Judges.

(Filed: October 10, 2006)

_____

OPINION
_____

PER CURIAM

Gregory Denston appeals the District Court's order dismissing his complaint as frivolous. The procedural history of this case and the details of Denston's claims are set forth in the District Court's thorough memorandum and need not be discussed at length. Denston is a Delaware inmate serving a thirty-year sentence for attempted murder for beating his wife in the head with a baseball bat in 1997 and a ten-year sentence for subsequently soliciting someone to murder her. See State v. Denston, 2003 WL 22293651, *1-2 (Del. Super. 2003). After the 1997 assault, Denston's son was placed in the custody of the Faulconers. In May 2003, Denston's parental rights were terminated by the New Castle County Family Court.

In July 2005, Denston filed a complaint pursuant to 42 U.S.C. § 1983 against the state court judges, the special master, the Faulconers, their attorney, a detective, and three police officers. He alleged that his parental rights and rights to due process were violated by the state court proceedings which terminated his parental rights. The District Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B). Denston filed a timely notice of appeal and has also filed a motion for the appointment of counsel.

Because Denston is proceeding in forma pauperis on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915 (e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual

reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989). When reviewing a complaint for failure to state a claim, the Court must accept the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The District Court was correct that the judges and the special master were entitled to immunity, see Mireles v. Waco, 502 U.S. 9 (1991); Hughes v. Long, 242 F.3d 121, 127 (3d Cir. 2001), that the Faulconers and their attorney were not state actors, and that Denston lacked standing to bring claims against Detective Watson and the three police officers.[1]

For essentially the reasons set forth by the District Court, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B). Denston's motion for the appointment of counsel is denied.

---

[1] Moreover, the Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Supreme Court has explained that this doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, to the extent that the relief Denston requests would require rejection of the state courts' judgments, the District Court would lack jurisdiction over those claims.